

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

June 18, 1948

Honorable Lon Alsup
Executive Secretary-Director
State Commission for the Blind
Land Office Building
Austin, Texas

Opinion No. V-609

Re: Authority of State Commission
for the Blind to accept land
as a donation; to pay taxes
thereon; to sell; and disposi-
tion of proceeds of such sale.

Dear Sir:

Your letter requesting an opinion reads in part:

"The laws . . . in behalf of the
State Commission for the Blind permit
the said Commission to accept donations.
Mr. Ben M. Beaver . . . desires to donate
to the State Commission for the Blind ap-
proximately 17 acres of land. . .

"Mr. Beaver proposes to give a deed
to this land to said Commission with the
specific agreement that all mineral rights
are to be reserved to him and his wife un-
til their death. Then, such mineral rights
would become the property of the Commission.

"In view of the statement made above,
please advise this department if it would
be advisable for this agency to accept this
donation. Also advise if this land was ac-
cepted by this agency, if it would be ex-
empted from county and state taxes. If it
were not exempted, would this agency be re-
sponsible for the taxes or would such taxes
be paid by the Legislature of the State of
Texas.

"It is also to be taken into considera-
tion the fact that if the Commission for
Blind were to accept this donation of land
that it is to be used for the development
of a rural project for blind persons. If
it is found over a reasonable period of time
that such a project is not feasible, then in
that event, the Commission for the Blind or
the the State of Texas would be permitted to
sell such land and the proceeds of the sale
of such property would go to the State Com-
mission for the Blind to be used in develop-
ing the business enterprises program for the
blind."

Sec. 7 of H. B. 347, Ch. 241, p. 374, Acts of
1945, 49th Legislature is codified as Art. 3207c, Sec.7,
V. C. S., and reads as follows:

"Gifts. The Director is hereby au-
thorized and empowered, with the approval
of the Commission, to accept and use gifts
made unconditionally by will or otherwise
for carrying out the purpose of this Act.
Gifts made under such conditions as in the
judgment of the Commission are proper and
consistent with the provisions of this Act
may be so accepted and shall be held, in-
vested, reinvested, and used in accordance
with the conditions of the gift."

It is our opinion that "gifts" as used in Article
3207c, Sec. 7, V.C.S., is broad enough to include land.

Your letter states that this land, if accepted,
would be used for the development of a rural project for
blind persons. It is further noted that the deed re-
serves a life estate in the mineral rights to the grantor
and his wife.

In our opinion, a reservation of a life estate
in the minerals to the grantor and his wife is "proper
and consistent" with the provisions of Art. 3207c,V.C.S.
The reservation of the minerals in the land to the gran-
tor and his wife for life may conceivably interfere with
the future use of the land for the development of a rural
project for the blind, if there is any substantial oil
and gas development. In such event, however, the land
could be sold without affecting the mineral rights of

the grantor and his wife.

If the Commission accepted the donation of this land, would it be tax exempt? The State Commission for the Blind is an instrumentality of State government and possesses only such powers as has been conferred on it by the Constitution and Legislature. We do not find any statute or article of the Constitution that permits the payment of taxes by the State Commission for the Blind; therefore, it is our opinion that such property interest conveyed to the said Commission would be exempt from State and County taxes.

The question of whether or not such property could be sold was answered in Attorney General's Opinion No. O-2355 as follows:

> "Your question is answered, then, by determining the character of the grant. It is clear that if it is public money it may not be expended except upon a specific appropriation made therefor by the Legislature. Section 6, Article VIII, Constitution of Texas; McCombs v. Dallas County (CCA, 1940) 136 S. W. (2) 975. On the other hand, if the gift constitutes a trust fund, and we hold under the specific facts given, that it does, it may be expended by your Commission as trustee under any lawful conditions imposed by the donor of the grant consistent with the Commission's duties under Art. 3207a, V.C.S. Such funds have no place in the State Treasury and Section 6 of Article VIII of the Constitution has no application. Under such circumstances, moreover, reasonble prudence would dictate that all such moneys received be placed in a private bank account."

It is to be noted that Section 7 of Article 3207c, V. C. S., authorizes the Director "to accept and use gifts," but the Commission must first approve the gift. The conveyance should be made to the Director of the State Commission for the Blind and his successors in office as trustee. It is also to be

noted that the gifts "shall be held, invested, reinvested and used in accordance with the conditions of the gift."

## SUMMARY

The Director of the State Commission for the Blind, with the approval of the Commission, may act in the capacity of a trustee and accept gifts of land with mineral rights reserved in the grantor and his wife for life, and the interest in the land that is accepted will then be exempt from State and County taxes. Such land may be sold and the proceeds of the sale held, invested, reinvested and used for vocational rehabilitation of the blind as authorized in Article 3207c, V. C. S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     Robert W. Spence
          Assistant

RWS:bt

APPROVED

First Assistant
Attorney General